United States District Court
Southern District of Texas
**ENTERED**
November 24, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESSE LEE DRONES, <br> TDCJ #472216, <br><br> Petitioner, <br><br> v. <br><br> BOBBY LUMPKIN, Director,[1] <br> Texas Department of Criminal <br> Justice - Correctional <br> Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § | CIVIL ACTION NO. H-20-3719 |

## MEMORANDUM OPINION AND ORDER

State inmate Jesse Lee Drones (TDCJ #472216) is currently in custody of the Texas Department of Criminal Justice ("TDCJ"). He has filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition")(Docket Entry No. 1), challenging his a state court conviction for aggravated robbery in Harris County Cause No. 486228. Because Drones is challenging a state court judgment, his Petition is governed by 28 U.S.C. § 2254. After reviewing all of the pleadings, the petitioner's litigation history, and the applicable law as required under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court will dismiss this action for the reasons explained briefly below.

---

[1]Although the petitioner lists unspecified "Court Officials [for the] State of Texas" as the respondent, the court substitutes Director Bobby Lumpkin of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") as the proper party pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

## I. **Background**

Public records available from TDCJ reflect that Drones was convicted and sentenced to 35 years' imprisonment in three separate cases on December 30, 1987, for the following offenses committed in Harris County: burglary of a habitation with intent to commit sexual assault (Cause No. 488772); burglary of a habitation with intent to commit theft (Cause No. 486204); and aggravated robbery with a deadly weapon (Cause No. 486228).[2] Court records show that each of those sentences were entered against Drones as the result of a guilty plea. See Drones v. Quarterman, Civil No. H-07-2462 (S.D. Tex. Aug. 23, 2007) (Docket Entry No. 3, pp. 1-2). Subsequently, Drones was convicted by a jury in Walker County and sentenced in 2002 to serve an additional 15 years' imprisonment for assault on a correctional officer (Cause No. 20,028-C). See Drones v. Cockrell, Civil No. H-03-5191 (S.D. Tex. Feb. 14, 2005)(Docket Entry No. 13, pp. 3-4).

Drones has challenged each of these convictions previously under 28 U.S.C. § 2254, and each one has been upheld on federal habeas review. See Drones v. Quarterman, Civil No. H-07-2462 (S.D. Tex. Aug. 23, 2007) (Docket Entry No. 3, pp. 1-3) (summarizing the previous challenges to the convictions entered against Drones and dismissing the petition in that case as an unauthorized successive

---

[2]See Texas Department of Criminal Justice - Offender Information, available at: https://offender.tdcj.texas.gov (last visited Nov. 16, 2020).

writ application).

The pending Petition that Drones has filed is difficult to decipher. Drones appears to seek relief from his 1987 aggravated robbery conviction in Cause No. 486228 based on allegations of ineffective assistance of counsel and other vaguely described injustices.[3] Drones does not provide any comprehensible facts in support of these claims.

## II. Discussion

This case is governed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2244(b), which imposes restrictions on the filing of "second or successive" applications for habeas relief. Before a second or successive application may be filed in district court the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. See 28 U.S.C. § 2244(b)(3)(A). "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (citing

---

[3]Petition, Docket Entry No. 1, pp. 1, 3. To the extent that his pleadings purport to seek damages, claims for monetary relief are not available in a habeas corpus proceeding and may only be sought in a civil rights complaint under 42 U.S.C. § 1983. After considering the plaintiff's litigation history, the court declines to re-characterize this case as a civil rights action.

In re Cain, 137 F.3d 234, 235 (5th Cir. 1998)). When a second or successive habeas application is filed in a district court without prior authorization by the court of appeals the district court must dismiss the application for lack of jurisdiction. See Burton v. Stewart, 127 S. Ct. 793, 799 (2007) (per curiam) (holding that the district court was required to dismiss an unauthorized second or successive petition for lack of jurisdiction).

A federal habeas petition is not "second or successive" for purposes of 28 U.S.C. § 2244(b) simply because it is submitted "'second or successively in time,'" Magwood v. Patterson, 130 S. Ct. 2788, 2796 (2010) (quoting Panetti v. Quarterman, 127 S. Ct. 2842, 2853 (2007), or "follows an earlier federal petition." In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). "Although [the] AEDPA does not set forth what constitutes a 'second or successive' application, [the Fifth Circuit] has held that 'a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ.'" Crone v. Cockrell, 324 F.3d 833, 836-37 (5th Cir. 2003) (quoting Cain, 137 F.3d at 235).

Court records reflect that, in 1997, Drones filed an unsuccessful habeas corpus petition to challenge his conviction for burglary of a habitation with intent to commit theft in Harris County Cause No. 486204, which was entered against him on the same

-4-

day as the challenged conviction for aggravated robbery in Cause No. 486228. See Drones v. Johnson, Civil No. H-97-2739 (S.D. Tex.). In that proceeding, Drones raised the following claims: (1) his guilty plea was the result of extortion, conspiracy, and a violation of the Hobbs Act; (2) his right to equal protection was violated by jury selection procedures; (3) he was not competent to enter a guilty plea; (4) he was not adequately admonished during his guilty plea proceeding; and (5) he was denied effective assistance of counsel. See id. (Docket Entry No. 11, pp. 2, 24) (listing claims raised by Drones and recommending that relief be denied because none of them had merit).

Court records reflect that, since 1997, Drones has filed at least 40 other federal habeas corpus petitions in the district courts.[4] Those records show that, in 2003, Drones challenged his 1987 conviction for aggravated robbery in Cause No. 486228 and his conviction for assault on a correctional officer in Cause No.

---

[4] A national case index reflects that Drones has also filed more than 30 prisoner civil rights cases and over 38 appeals to the Fifth Circuit. As a result of his record of filing frivolous civil actions and appeals, Drones has been sanctioned by the Northern District of Texas and he is barred from proceeding in forma pauperis in any civil rights action or appeal by the "three-strikes" rule found in 28 U.S.C. § 1915(g). See, e.g., Drones v. Davis, Civil No. 1:07-92 (N.D. Tex. May 11, 2007) (sanctioning Drones for his abuse of court resources); Drones v. Chatelain, et al., Civil No. 1:14-133 (N.D. Tex. Oct. 7, 2014) (dismissing the case as barred by three-strikes); Drones v. Medical Security Officials, Civil No. 1:18-0066 (N.D. Tex. May 31, 2018) (dismissing the case as frivolous and barring Drones from filing any new civil actions, including habeas corpus actions, without written permission from a district judge).

20,028-C in the same proceeding. See Drones v. Dretke, Civil No. H-03-5191 (S.D. Tex.). In that proceeding, the district court found that any claim concerning the 1987 aggravated robbery conviction in Cause No. 486228 was untimely and barred by the statute of limitations found in 28 U.S.C. § 2244(d)(1). See id. (Docket Entry No. 13, pp. 2-3).

In 2019, Drones filed another petition to challenge his 1987 aggravated robbery conviction in Cause No. 486228. See Drones v. Davis, Civil No. H-19-0127 (S.D. Tex.). That proceeding was summarily dismissed as both successive and an abuse of the writ. See id. (Docket Entry No. 4, pp. 3-4).

To the extent that his allegations can be discerned, Drones appears to raise claims that could have and should have been brought long ago in a prior proceeding because they could have been "discovered previously through the exercise of due diligence." 28 U.S.C. § 2244(b)(2)(B)(i). Therefore, the pending Petition qualifies as successive under § 2244(b). See Crone, 324 F.3d at 836-37. Based on his litigation history, the court concludes further that the Petition also qualifies as an abuse of the writ. As a result, Drones is required to seek authorization from the Fifth Circuit before this court can consider his Petition. Because there is no record that Drones has requested or received authorization to proceed from the Fifth Circuit, this action must be dismissed without prejudice for lack of jurisdiction.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. See 28 U.S.C. § 2253. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2569 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1603-04 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604. For reasons set forth above, this court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct. Therefore, a certificate of appealability will not issue.

### IV. Conclusion and Order

The court **ORDERS** as follows:

1. The Petition for a Writ of Habeas Corpus filed by

-7-

    Jesse Drones (Docket Entry No. 1) is **DENIED**, and this action will be dismissed without prejudice.

2. A certificate of appealability is **DENIED**.

3. The Application to Proceed In Forma Pauperis filed by Drones (Docket Entry No. 4) is **DENIED**.

4. The court further **CERTIFIES** that any appeal from this decision is not taken in good faith for purposes of Fed. R. App. P. 24(a)(3) and that the petitioner is not eligible to proceed without prepayment of the filing fee.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 24th day of Nov., 2020.

                SIM LAKE
            SENIOR UNITED STATES DISTRICT JUDGE